## City of Chester to use of Michael Ross *v.* Martha S. Eyre et al., Appellants.

*Municipal lien—Contract—Right to file lien by contractor—Affidavit of defense.*

The right to file a municipal lien belongs exclusively to the municipality, and cannot, even with its consent, be exercised, unless the work be done for the municipality or by its direction.

If work be done under a specific contract to do that particular work, or under a general employment to do all the work required by the city ordinances, the contractor may, with the consent of the municipality, use its name in filing a lien to his use.

An affidavit of defense to a scire facias sur municipal lien is sufficient which avers that the work was not done by the street commissioners, but that it was done by a private individual, who had no direction or authority from the city, and that the city officials had decided that the work for which said lien was filed need not be done at the time it was done.

Argued Feb. 11, 1895. Appeal, No. 439, Jan. T., 1895, by defendants, from order of C. P. Delaware Co., June T., 1893, No. 87, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before Sterrett, C. J., McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Scire facias sur municipal lien.

The material portions of the affidavit of defense and supplemental affidavit of defense are quoted in the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*O. B. Dickinson*, for appellant.—The remedy of defendant was neither a motion to strike off the lien nor a rule on the city solicitor to file his warrant of attorney, as the learned judge of the court below seemed to think : O'Hara v. Baum, 82 Pa. 416 ; Mitchell on Motions and Rules, 74.

It does not touch the real defense, and even if it did we would have until plea filed to enter such a rule : Act of April 14, 1834, sec. 70, P. L. 354: Mercier v. Mercier, 2 Dall. 142 ; Campbell v. Galbreath, 5 Watts, 426 ; Mitchell on Motions and Rules, 17.

In any event our affidavit of defense will stop judgment if the fact set up is a defense.

*A. A. Cochran, George M. Booth* with him, for appellee.— Municipal officers have no general authority to bind the city. The authority of its agents is special: Ross v. Phila., 115 Pa. 222.

The defense cannot inquire into the validity of a contract between the legal and equitable plaintiffs : Brientnall v. Phila., 103 Pa. 156 ; act of March 22, 1869, sec. 2, P. L. 482.

The scire facias shows conclusively that all the acts required to be done by the city or its agents under the terms of the resolution had been complied with and ratified by the city : Phila. v. Burgin, 50 Pa. 541 ; act of April 19, 1843, P. L. 342.

An affidavit of defense which is evasive in its averments, expressing opinions and conclusions unsupported by special statements of facts, is insufficient to prevent judgment for the plaintiff: Erie City v. Butler, 120 Pa. 374.

OPINION BY MR. JUSTICE FELL, April 8, 1895 :

Judgment was entered for want of a sufficient affidavit of defense in a proceeding by scire facias upon a municipal lien for paving. The lien was filed in the name of the city of Chester to the use of the contractor who did the work. It is stated in the affidavit of defense " that said paving was not done by the city of Chester, nor in pursuance of its authority, but was done as your deponent believes and expects to be able to prove by one Michael Ross, the use plaintiff in the above case, on his own motion and without the authority of the city to do so." And in the supplemental affidavit it is averred " that the work

was not done by the street commissioner, but was done by Michael Ross, a private individual, and that he had no direction or authority from the city, but that on the contrary the city officials had decided that the work for which said lien was filed need not be done at the time it was done."

The right of lien exists only when the work is done by the city. If the work is done for the city either under a specific contract to do the particular work or under a general employment to do all work required by city ordinances, the contractor may with the consent of the municipality use its name in filing a lien to his use. But the right of lien is the right of the municipality, and cannot even with its consent be exercised except when the work is done by its direction and for it. There is in the affidavit a distinct denial that the city authorized the work to be done, and this denial negatives any implication of authority springing from it which might arise from the fact that the lien was filed in its name by the city solicitor. If the work was done by the use plaintiff at his own instance, without any authority from or contract with any one, no right of either lien or recovery exists.

The averments in the affidavit of defense put the plaintiff to proof of his authority, and were sufficient to prevent judgment and to carry the case to a jury.

The judgment is reversed with a procedendo.